**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**FILED**
at Santa Fe, NM

NOV 0 J 2006

MATTHEW J. DYKMAN
CLERK

**JUDITH CRAIG, Individually, MARCUS CRAIG,
Individually, and as HUSBAND AND WIFE, and
As Parents and Next Best Friends of MICHAEL CRAIG
And JESSICA CRAIG, Minors,**

**Plaintiffs,**

**vs.**                                        **No. CIV 06-0489 BB/KBM**

**THE UNITED STATES OF AMERICA,**

**Defendant.**

## INITIAL PRE-TRIAL REPORT

Counsel have conferred and submit herewith the parties' consolidated Initial Pre-Trial
Report.

## APPEARANCES

Counsel are:

Theodore W. Barudin, Attorney for Plaintiffs
Barudin Law Firm, P.C.
7900 Menaul NE
Albuquerque, New Mexico 87110
(505) 332-1800
(505) 271-1888 (Facsimile)

Phyllis A. Dow
Jan Elizabeth Mitchell
Assistant U.S. Attorneys
Attorneys for the Defendant
 U.S. Attorney's Office
 Post Office Box 607
 Albuquerque, New Mexico 87103
 (505) 346-7274
 (505) 346-7205 (Facsimile)

1



## NATURE OF THE CASE

Plaintiffs bring their personal injury actions under the provisions of the Federal Tort Claims Act (FTCA), 28 U.S.C. Sections 1346 and 2671 *et. seq.* for damages allegedly caused as a result of a collision between their vehicle and a vehicle being operated by Jim Ira Setzer. Plaintiffs assert that Mr. Setzer was being negligently pursued by Navajo Nation Police Officer Sergeant Tim Johnson.

## AMENDMENTS TO PLEADINGS

Plaintiffs intend to file:      None at this time.

Defendant intends to file:    None at this time.

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District and that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter. The parties further stipulate and agree that the law governing this case is the Federal Tort Claims Act, 28 U.S.C. §§1346(b) and 2671 *et. seq.*, and the tort law of the State of New Mexico.

## PLAINTIFFS' CONTENTIONS

On March 26, 2005, at approximately 5:44 p.m., a vehicle driven by Marcus Craig, with the Plaintiffs as passengers, was involved in a collision with a vehicle driven by Jim Ira Setzer that entered the southbound lane of U.S. Highway 550 causing Plaintiffs' vehicle to collide on the roadway.

At the time and place of said collision, Navajo Nation Police Officer Sergeant Tim Johnson was in a police pursuit of Jim Ira Setzer, an enrolled member of the Navajo Nation, on CR 7780, which is a dirt road within the exterior boundaries of the Navajo Nation. Such police pursuit caused the Setzer vehicle to enter the traveled surface of the roadway of U.S. Highway 550 causing the collision of Jim Ira Setzer's vehicle with Plaintiffs who were traveling

southbound on said highway. Plaintiffs have suffered serious and permanent personal and bodily injuries as a direct and proximate result of this police pursuit.

At the time and date of the acts claimed herein, the Navajo Nation was the recipient of federal funds arising under the Indian Self-Determination Act, P.L. 93-638, for law enforcement operations, including without limitation, the Crownpoint Police Department. By accepting and utilizing federal funds, Plaintiffs' claims for relief give rise to claims under the Federal Tort Claims Act. It is further claimed that the Defendant utilized other tribally specific funds for the operation and employment of the Crownpoint Police Department and that such funds were either tribally generated or from some other unknown federal source.

Plaintiffs were injured as a proximate result of an improper, wrongful, and negligent police pursuit of Jim Ira Setzer, a member of the Navajo Nation. At the time and date of this improper and negligent pursuit, the probable cause giving rise to the pursuit of Jim Ira Setzer was not a felony or warranted such reckless police pursuit by the Crownpoint Police Department. As a direct result of this improper, reckless, and negligent police pursuit, Plaintiffs' vehicle collided with the Setzer at or near Nageezi, New Mexico. Plaintiffs were driving their vehicle in a lawful and reasonable manner.

The collision which caused Plaintiffs' serious injuries occurred at the intersection of U.S. Highway 550 and CR 7800 in Nagezzi, New Mexico. It is further claimed that Jim Ira Setzer, his passenger, Russell Francisco and unknown and yet to be identified Navajo law enforcement officials of the Crownpoint Police Department, were operating under the color of Navajo and federal law.

Plaintiffs claim that Defendant's employee(s) and/or federal fund recipients were

negligent by creating a dangerous situation by initiating and continuing in the pursuit of the

Setzer vehicle thereby causing the collision with Plaintiffs' vehicle. Plaintiffs further contend

that Defendant United States of America was negligent in their supervision, control, direction,

training, and retention of its employees and/or federal fund(s) recipients.

It is claimed, and therefore averred, that at the time of the claims alleged herein,

Navajo Division of Public Safety General Order No. 79-17 (February 1979) was in force, and it

had a standing order on departmental vehicle use. Section IV of the General Order addresses

emergency or high speed driving, and it requires, *inter alia*:

> a.  Officers owe a duty to the community and to their family to use extreme
>
> caution when driving an emergency vehicle under emergency conditions;
>
> b. Officers must always exercise the best possible judgment during emergency
>
> operations with vehicles;
>
> c.  Posted speed limits in congested areas shall be closely followed, wherever
>
> possible;
>
> d.    The use of emergency warning lights and siren does not relieve the
>
> driver from the duty to drive with due regard for the safety of all persons
>
> using the roadway;
>
> e.    The purpose of emergency warning lights and siren is to minimize traffic
>
> delays; it should never be assumed that they automatically create a path in   the
>
> traffic for an emergency vehicle;

Section V of the General Order, addressing pursuits, requires, *inter alia*:

> a.  Personnel shall consider such factors as traffic volume, time of day, the

4

type of violations committed, and the potential hazard to themselves and the public;

b. Emergency warning lights and siren shall be used at all times;

c. Officers must maintain constant and coherent communications with the radio dispatcher and provide certain information, including possible hazards to assisting officers.

Sergeant Johnson failed to use "extreme caution" in this pursuit situation and further failed to follow the above provisions of the Navajo General Order recited herein. The pursuit did not involve an "emergency" situation. The Sergeant did not use his best possible judgment, as required, because:

a.   He conducted a high-speed pursuit in the early evening on routes traveled by people returning home from work or other activities;

b. The chase was conducted on CR 7800 at the junction with U.S. Highway 550, which is the major route linking Bloomfield with Cuba;

c.   Injury to others was specifically foreseeable by Sergeant Johnson and he did  not foresee the likelihood of a collision with the Plaintiffs and their class of innocent drivers by:

(1) driving at speeds far above the posted speed limits or for road conditions including dirt and gravel road surfaces entering on a highway such as U.S. Highway 550;

(2) failed to drive with due regard for the safety of all persons using the roadway when in pursuit using and/or failing to use warning lights and siren;

5

(3) ignored the order that the use of lights and siren does not create a

path in traffic;

(4) did not take into account factors such as traffic volume, the time of

day, the type of violation(s) committed, and the potential hazard to themselves

and the public;

(5) did not obey the command of the Navajo Nation Motor Vehicle

Code, which they are bound to enforce, that the use of emergency lights and

sirens "shall not relieve the driver of an authorized emergency vehicle from the

duty to drive with due regard for the safety of all persons using the roadway."

14 NNC § 705(B) (1995).

Plaintiffs claim that the pursuit was motivated by the reputation of the driver of the

Setzer vehicle, the desire to arrest him, and that Sergeant Johnson gave in to the driver's

obvious desire to play dangerous games at the expense of the Plaintiffs.

Plaintiffs had great pain and suffering following the collision. Each of the Plaintiffs has

suffered serious and permanent injuries. Plaintiffs additionally experienced mental anguish

from the trauma of seeing the deceased bodies of Jim Ira Setzer and his passenger, Russell

Francisco, dead at the scene after this horrific collision.

Plaintiffs further contend that Defendant United States of America is liable for the

negligence of its employee and/or its federal fund(s) recipient, the Navajo Nation, and its

employee Sergeant Johnson, who was under their direct control, direction, and supervision as

an employee of the United States of America. Plaintiffs' claims are more fully set forth in the

Complaint filed in this matter, which is incorporated herein for all purposes. Should there be

additional defendants to be added to Plaintiffs' complaint, discovery will be obtained to ensure that all necessary and proper parties are before the Court.

## DEFENDANT'S CONTENTIONS

Defendant generally denies Plaintiffs' contentions other than those deemed admitted by the pleadings.  Defendant has raised as affirmative defenses the negligence of Jim Setzer, the negligence of Plaintiff Marcus Craig, the negligence of third parties, the negligence of independent contractors, and the discretionary function exception to the FTCA, 28 U.S.C. §2680(a). Plaintiffs have failed to mitigate their damages, and Plaintiffs' recovery in this action is limited to the amount of the claim which the Plaintiffs presented administratively.

## DISCOVERY

Plaintiffs intend to obtain the following discovery:

1.  Interrogatories;
2.  Requests for Production of Documents;
3.  Requests for Admissions;
4.  Depositions of Defendant and employees, expert witness and any other persons identified in discovery or listed by Defendant;
5.  Addition of any other parties necessary for proper joiner of all claims and parties.

Defendants intend to obtain the following discovery:

Defendant intends to obtain the following discovery:  interrogatories, requests for production, requests for admissions, the depositions of Plaintiffs, any witnesses identified by Plaintiffs, and any other witnesses as appropriate.  Defendant may also seek mental or physical examinations pursuant to Fed. R. Civ. P. 35.

In accordance with the Civil Justice Expense and Delay Reduction Plan adopted in compliance with the Civil Justice Reform Act, and pursuant to Title 28 U.S.C. §473(a)(1), this

case is assigned to a " ___Standard___ " track classification. Accordingly, the termination date for discovery is ___04/16/07___, and discovery shall not be reopened, except by an order of the Court upon a showing of good cause. This deadline shall be construed to require that discovery be **completed** on or before the above date. Service of interrogatories or requests for production shall be considered timely only if the responses are due prior to the deadline. A notice to take deposition shall be considered timely only if the deposition takes place prior to the deadline. The pendency of dispositive motions shall not stay discovery.

Motions relating to discovery (including but not limited to motions to compel and motions for protective order) shall be filed or served in accordance with D.N.M.LR-Civ. 7 no later than ___04/23/07___. This deadline shall not be construed to extend the twenty-day time limit in D.N.M.LR-Civ. 26.6.

Plaintiff shall identify to all parties in writing any expert witness to be used by Plaintiffs at trial and to provide expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) no later than ___01/16/07___. All other parties shall identify in writing any expert witness to be used by such parties at trial and to provide expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) no later than ___02/16/07___.

## WITNESSES AND EXHIBITS

1.      Plaintiffs intend to call the following witnesses to testify at the time of trial:

|    | Name and Address | Subject Matter of Testimony |
|----|------------------|------------------------------|
| a. | Judith Craig<br>6929 Brandywine Loop, NE<br>Albuquerque, NM 87111 | Judith Craig has knowledge of the collision giving rise to her injuries and the treatment, care and damages she received as a result of her injuries. Mrs. Craig has knowledge of how her injuries have affected her both physically and mentally. |
| b. | Marcus Craig<br>6929 Brandywine Loop, NE<br>Albuquerque, NM 87111 | Marcus Craig has knowledge of the collision giving rise to his injuries and the treatment, care and damages he received as a result of his injuries. Mr. Craig has knowledge of how his injuries have affected him both physically and mentally. |

| | | |
|---|---|---|
| c. | Michael Craig<br>6929 Brandywine Loop, NE<br>Albuquerque, NM 87111 | Michael Craig has knowledge of the collision giving rise to his injuries and the treatment, care and damages he received as a result of his injuries. Michael Craig has knowledge of how his injuries have affected him both physically and mentally. |
| d. | Jessica Craig<br>6929 Brandywine Loop, NE<br>Albuquerque, NM 87111 | Jessica Craig has knowledge of the collision giving rise to her injuries and the treatment, care and damages she received as a result of her injuries. Jessica Craig has knowledge of how her injuries have affected her both physically and mentally. |
| e. | Sergeant Tim Johnson<br>Crownpoint Police<br>Department<br>Post Office Box 928<br>Crownpoint, NM 87313 | Sergeant Johnson has knowledge of the occurrence of the accident as well as his training, knowledge, qualifications and supervision prior to the collision. |
| f. | United States of America<br>Employees | Inasmuch as discovery has not commenced, it is unknown at this time the identities of other staff who have knowledge of the training, qualifications and supervision provided to Police Sergeant Johnson |
| g. | Criminal Investigator Robert H. James<br>Crownpoint Police<br>Department<br>Post Office Box 928<br>Crownpoint, NM 87313 | Criminal Investigator James has knowledge of the accident scene as well as knowledge of the injuries sustained by the parties. |
| h. | Officer Dwayne Faverino<br>San Juan County Sheriff's Dept.<br>211 S. Oliver Street<br>Aztec, NM 87410 | Officer Dwayne Faverino has knowledge of the accident scene as well as knowledge of the injuries sustained by the parties. |
| i. | Deputy Alan Jamison<br>San Juan County Sheriff's Dept.<br>211 S. Oliver Street<br>Aztec, NM 87410 | Deputy Alan Jamison has knowledge of the accident scene as well as knowledge of the injuries sustained by the parties. |
| j. | Deputy Brian Stover<br>San Juan County Sheriff's Dept.<br>211 S. Oliver Street<br>Aztec, NM 87410 | Deputy Brian Stover has knowledge of the accident scene as well as knowledge of the injuries sustained by the parties. |
| k. | Sergeant Albert Montoya<br>1025 W. Navajo<br>Farmington, NM 87401 | Sergeant Albert Montoya has knowledge of the accident scene as well as knowledge of the injuries sustained by the parties. |
| l. | Don Batchelor<br>11575 U.S. 550<br>Nageezi, NM<br>505-632-3646 | Don Batchelor has knowledge of the accident scene. |
| m. | Lawrence Wright<br>2036 Valley Road SW<br>Albuquerque, NM<br>505-873-1685 | Lawrence Wright has knowledge of the accident scene. |
| n. | Sandy Capehart<br>Post Office Box 15201 | Sandy Capehart has knowledge of the accident scene as well as Plaintiff' injuries. |

| | | |
|---|---|---|
| | Farmington, NM 87401<br>505-330-6396 | |
| o. | San Juan Regional Air Care<br>801 West Maple Street<br>Farmington, NM 87401 | Treatment and medical bills rendered to Plaintiffs Judith, Marcus and Michael Craig for their injuries proximately related to the collision. |
| p. | San Juan Regional Medical Center<br> Post Office Box 15160<br>Farmington, NM 87401 | Treatment and medical bills rendered to Plaintiffs Judith, Marcus, Jessica and Michael Craig for their injuries proximately related to the collision. |
| q. | Lovelace/Sandia Health System<br>4411 The 25th Way, Suite 100<br>Albuquerque, NM 87109 | Treatment and medical bills rendered to Plaintiffs Judith, Marcus and Michael Craig for their injuries proximately related to the collision. |
| r. | Back Porch Day Spa<br>7120 Wyoming NE<br>Albuquerque, NM 87109 | Treatment and medical bills rendered to Plaintiff Judith Craig for her injuries proximately related to the collision. |
| s. | NovaCare<br>2607 Wyoming Blvd. NE<br>Albuquerque, NM 87110 | Treatment and medical bills rendered to Plaintiff Judith Craig for her injuries proximately related to the collision. |
| t. | San Juan Regional Ambulance<br>Post Office Box 15160<br>Farmington, NM 87401 | Treatment and medical bills rendered to Plaintiffs Jessica and Michael Craig for their injuries proximately related to the collision. |
| u. | Albuquerque Ambulance<br>4012 4th Street NW<br>Albuquerque, NM 87107 | Treatment and medical bills rendered to Plaintiff Michael Craig for his injuries proximately related to the collision. |
| v. | UNM Hospital<br>2211 Lomas Blvd. NE<br>Albuquerque, NM 87106 | Treatment and medical bills rendered to Plaintiff Michael Craig for his injuries proximately related to the collision. |

      w.     Plaintiffs may call any other witness identified through discovery.

      x.     Plaintiffs may call any other witness as identified by Defendant including all expert witnesses.

      2.     Plaintiffs intend to call the following expert witnesses to testify at the time of trial:

| | Name, Address, and Phone Number | Occupation | Subject Matter of Testimony |
|---|---|---|---|
| a. | Lou Reiter<br>58 Smith Avenue<br>Greenville, RI 02828<br>(401) 949-6978 | Law Enforcement Consultant/Auditor | It is anticipated that Mr. Reiter will address the police practices, procedures, training and the lack thereof, pursuit policies and practices, hiring and supervision of law enforcement personnel, evaluation of police officers, pattern and practice of police acts and failures to act, and yet to be determined areas of police conduct. |
| b. | All of Plaintiffs' medical | Physicians and/or | To the extent that all of the medical providers who have |

| | | |
|---|---|---|
| providers | medical providers | treated Plaintiffs Judith, Marcus, Michael and Jessica Craig for their injuries proximately caused by the negligence of Defendants, each of the identified medical providers will be offered as expert witnesses for such medical care. |

    c.  Plaintiffs may call any other witness identified through discovery.

    d.  Plaintiffs may call any other witness as identified by Defendants including all expert witnesses.

    e.  Plaintiffs may call rebuttal witnesses yet to be determined.

3.     Plaintiffs intend to produce the following exhibits to be used at trial:

    a.     Any and all of Plaintiffs' medical records and billing statements, invoices, records, and summaries of the medical records and bills;

    b.     Models depicting anatomy relevant to Plaintiffs' injuries.

    c.     Power Point presentations or other similar demonstrative evidence.

    d.     Any exhibit(s) identified by Defendants;

    e.     Any and all audio or video recordings which may be identified throughout discovery.

    f.     Any and all journals, treatises, articles or other authoritative resources which may be referenced or relied upon by treating physicians or expert witnesses.

    g.     Any and all other material which any expert may rely upon in support of their opinion(s) in this case.

    h.     Any other exhibit(s) that may be identified through discovery.

4.     Defendant's witnesses may include:

a.     Sergeant Tim Johnson
Navajo Police
Crownpoint District
P.O. Box 928
Crownpoint, New Mexico 87313

Sergeant Johnson will testify as to all facts involving his pursuit of Jim Setzer, the accident, and actions taken after the accident.

b.      Lucita Cayaditto
        P.O. Box 272
        Nageezi, New Mexico 87037
        Phone (Cell): (505) 215-2406

        Ms. Cayaditto witnessed a portion of Sergeant Johnson's pursuit of Jim Setzer.

c.      Thelma Johnson
        Navajo Division of Public Safety Dispatcher
        Crownpoint District
        P.O. Box 928
        Crownpoint, New Mexico 87313

        Ms. Johnson may testify regarding the transcript of the dispatch log on the
        date of the accident.

d.      Rachelle Sandoval
        Navajo Division of Public Safety Dispatcher
        Crownpoint District
        P.O. Box 928
        Crownpoint, New Mexico 87313

        Ms. Sandoval may testify regarding the transcript of the dispatch log on the
        date of the accident.

e.      Robert H. James
        Criminal Investigator
        Navajo Police
        Crownpoint District
        P.O. Box 928
        Crownpoint, New Mexico 87313

        Criminal Investigator James has knowledge of the accident investigation.

f.      Any witnesses identified by Plaintiffs.

g.      Defendant's Exhibits:

        1.      Navajo Department of Law Enforcement incident report (Report No.
                3-05-08429).

        2.      Photographs of the accident scene.

12

3. Office of Medical Investigator Report of Findings re: Jim Setzer, November 22, 2005.

4. Transcript of communications between Sergeant Tim Johnson and police dispatch, March 26, 2005.

5. Navajo Division of Public Safety, Department of Criminal Investigations, CIS No. CP05-0319-08429.

6. Diagrams of the scene of the accident.

7. Navajo Division of Public Safety General Order 79-17.

8. Any exhibits identified by Plaintiffs.

9. Expert witnesses: Defendant has not yet identified any expert witnesses.

## OTHER PRE-TRIAL MOTIONS ✱ SEE ATTACHMENT A.

Plaintiffs intend to file: None at this time.

Defendants intend to file: Defendant may file a motion for summary judgment.

## PRE-TRIAL ORDER

Counsel are directed to file a consolidated Pre-Trial Order as follows:  Plaintiffs to

Defendant on or before _____07/16/07_____ ; Defendant to Court on or before

_____07/30/07_____ .

In non-jury cases, requested findings of fact and conclusions of law shall be filed no later than _Sept. 17, 2007_ . Refer to "Other Matters".

## PRE-TRIAL CONFERENCE AND TRIAL SETTING

This matter is set for a Pre-Trial Conference on _Sept. 20, 07_ at _1:30_ _p_.m.

This matter is set for a **Non-Jury Trial** on a trailing calendar beginning on

_October 1, 2007_ at _9:00_m.

## ESTIMATED TRIAL TIME

The parties estimate the trial will require [up to 4] days.

## SETTLEMENT

The possibility of settlement in this case is considered unknown at this time.

## OTHER MATTERS

Counsel are directed that the Pre-Trial Order will provide that no witnesses except rebuttal witnesses, whose testimony cannot be anticipated, will be permitted to testify unless the name of the witness is furnished to the Court and opposing counsel no later than thirty (30) days prior to the time set for trial. Any exceptions thereto must be upon order of the Court for good cause shown.

If documents are attached as exhibits to motions, affidavits or briefs, those parts of the exhibits that counsel want to bring to the attention of the Court shall be highlighted in yellow on all copies which are filed or delivered to the Court or served on other counsel.

Respectfully submitted,

BARUDIN LAW FIRM, P.C.

Theodore W. Barudin
7900 Menaul Blvd.,NE
Albuquerque, NM 87110
(505) 332-1800
*Attorney for Plaintiffs*

and

14

UNITED STATES OF AMERICA

***Telephonic approval 10-11-06***
Phyllis A. Dow
Jan Elizabeth Mitchell
Office of the U.S. Attorney
Post Office Box 670
Albuquerque, NM 87103
(505) 346-7274
*Attorneys for Defendant*

**APPROVED AND ADOPTED AS
THE ORDER OF THE COURT**

Judge Bruce Black
United States District Judge

Judge Karen Molzen
United States Magistrate Judge

## ATTACHMENT A

Pretrial motions, other than discovery motions, shall be filed with the Court and served on

opposing party by **05/28/07**.  See D.N.M.LR-Civ. 7 for motion practice requirements and timing

of responses and replies.  Any pretrial motions, other than discovery motions, filed after the

above date shall be considered untimely in the discretion of the court.