IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


JUDITH CRAIG, and MARCUS
CRAIG, parents and next friends
of Jessica and Michael Craig, minors,

        Plaintiffs,

vs.                                      CIVIL NO.  06-489 BB/KBM

UNITED STATES OF AMERICA,

        Defendant.


**FINDINGS AND RECOMMENDATION**[1]

THIS MATTER came before the Court on a fairness hearing conducted May 29, 2007, on a proposed settlement between Judith Craig and Marcus Craig, as parents and next friends of their minor children Jessica Craig and Michael Craig.  The fairness hearing was conducted by the undersigned magistrate judge pursuant to an Order of Reference [Doc. 49] issued by the Honorable Bruce D. Black on May 7, 2007.

Court approval is necessary because Jessica and Michael Craig are minors.  State law provides that the Court, itself, must intervene to protect the interests of minor children and to ensure that a settlement is fair, reasonable and in the best interests of the children.  Garcia v. Middle Rio Grand Conservancy Dist., 99 N.M. 802, 808, 664 P.2d 1000, 1006 (Ct. App. 1983), *overruled on other grounds by* Montoya v. AKAL Security, Inc., 114 N.M. 354, 357, 838 P.2d 971, 974 (1992).

---

[1]Parties were advised of their right to file objections to this report and recommendation within ten days pursuant to 28 U.S.C. § 636(b)(1).  However, in order to expedite the approval of this settlement, counsel agreed at the May 29, 2007 hearing that they had no objection to the Court's proposed findings and recommended disposition and would waive the ten-day period.

Having heard the presentations of counsel at the fairness hearing, together with the sworn testimony of Judith Craig, Marcus Craig, Jessica Craig and Michael Craig, the Court concludes as follows:

1. On June 9, 2006, Judith Craig and Marcus Craig, as parents and next friends of their minor children, Jessica and Michael Craig, filed a lawsuit against the United States of America.

2. The Craigs seek damages from the United States as a result of the alleged negligence of a federal employee who purportedly caused an automobile accident while in the course and scope of his duties.

3. The accident occurred on March 26, 2005, when a Navajo Nation police officer, Sgt. Tim Johnson, was in police pursuit of Jim Ira Setzer ("Setzer"), an enrolled member of the Navajo Nation. The pursuit occurred on County Road 7780, which is an unpaved road within the boundaries of the Navajo Nation.

4. During the police pursuit, the Setzer vehicle left the unpaved county road at high speed and entered U.S. Highway 550, causing a collision between Setzer's vehicle and Plaintiffs' vehicle which was traveling on U.S. Highway 550.

5. Plaintiffs contend that they were injured as a result of an alleged improper, negligent and reckless police pursuit of Setzer. Plaintiffs also contend that the police pursuit proximately caused Setzer to collide with Plaintiffs' vehicle at or near Nageezi, New Mexico.

6. Defendant United States of America denied liability and contended that Sgt. Johnson was in lawful pursuit of Setzer, and that at all material times, Sgt. Johnson acted reasonably and prudently in attempting to apprehend a fleeing suspect, and that the accident was caused by Setzer and not by the United States.

7. The parties recognize the benefits of a settlement as opposed to the risks and uncertainties of trial, and compromised their respective positions to reach a settlement which resolved the individual claims of Judith Craig and Marcus Craig. The parties also reached a proposed settlement relating to the claims advanced on behalf of the minor children Jessica and Michael.

8. As are result of the accident, Jessica suffered a broken toe, and her brother Michael suffered a broken left clavicle. Both children, however, witnessed the death of the fleeing suspect, Jim Ira Setzer who died in the collision.

9. Both children received medical care as a result of their physical injuries, but neither child received any mental healthcare, nor was either treated by any psychiatrist, psychologist, therapist or counselor as a result of the trauma of having witnessed a death.

10. The children's medical treatment proceeded without difficulty, and both reached maximum medical improvement. Both healthcare providers and the parents believe that neither child with suffer any future impairment or loss of capacity as a result of their injuries.

11. The physical injuries of both minor children have been resolved.

12. All medical bills have been paid and all subrogated claims have been settled. There are no healthcare provider liens.

13. Judith and Marcus Craig are well-educated professional individuals who have instilled in their children the sense and importance of higher education. Judith and Marcus Craig negotiated structured settlements by way of annuities to preserve and to protect settlement funds for their children. The settlement funds have been structured so as to provide supplementary funds for Jessica and Michael's education.

14. The settlement for Michael, whose date of birth is February 16, 1992, and who is currently age 14, will provide him a lump-sum benefit of $8,000 payable on February 16, 2010.

3

Thereafter, beginning on January 1, 2011, Michael will receive a $5,000 payment each year for six years certain, with the last certain payment being paid on January 1, 2016. Finally, Michael Craig will receive a lump-sum of $3,351.75 payable on January 1, 2016. The total cost of Michael Craig's annuity is $46,500, but the total certain benefit paid to him will be $54,774.42.

15. Jessica, whose date of birth is October 17, 1989, and who is currently 17 years of age, will, commencing on January 1, 2008, receive $5,000 per year for two consecutive years, with the last certain payment being made to her on January 1, 2009. In addition, Jessica will receive a lump-sum of $3,911.31 payable on January 1, 2010. The total cost of Jessica's structured settlement is $20,000, and the total certain benefit paid to her will be $20,252.81.

16. Attorney fees of 25% will be deducted from the settlement for both children, as will costs for each child in the amount of $997.75.

17. The parents both understand that the settlement funds belong to the minor children and may only be used for their benefit. Plaintiffs' counsel advised both parents of the requirements of Leyba v. Whitley, 118 N.M. 435, 882 P.2d 26 (Ct. App. 1994), *reversed on other grounds*, 120 N.M. 768, 907 P.2d 172 (1995), to the effect that the settlement on behalf of their minor children is the property of the children and can only be used for their benefit.

18. The annuities will be purchased from Prudential Insurance Company. The Court finds that Prudential is a highly rated company, and the minor children face no unnecessary risk of loss with their annuities.

19. Judith and Marcus Craig personally participated in settlement negotiations with the United States through their attorney Theodore W. Barudin.

20. Judith and Marcus Craig were not under the influence of any medication, alcohol, drugs or other intoxicating substances at the time of the negotiations, or at the time of the hearing that

would interfere with their ability to understand the proceedings.

21. Judith and Marcus Craig stated that they had the opportunity to confer with their attorney about the settlement, that Mr. Barudin listened to any concerns and took their suggestions into account during the course of settlement negotiations. The Craigs were the final decision makers. They are fully satisfied with their attorney.

22. Judith Craig and Marcus Craig understand the terms of the agreement, and that they had no obligation to settle. No one threatened, coerced or forced them to settle.

23. They understand they had a right to proceed to a trial without a jury, and if they did proceed to trial, they might recover more money than the amount of the settlement or, on the other hand, they might recover a lesser amount or even no money at all.

24. Plaintiffs understand the relative risks and benefits of going to trial, as well as the benefits of a settlement. They understand that they are dismissing with prejudice all claims which they have brought or claims which could have been brought against the United States.

25. Plaintiffs understand that they cannot change their minds at a later date and assert additional claims or seek to increase the amount of settlement. This settlement is "now and forever."

26. Both parents stated that they believe the settlement is fair and reasonable, and have asked the Court to approve it.

## **Conclusions of Law and Recommendation**

After consideration of the evidence and the testimony of the witnesses, as well as the presentations of counsel, the undersigned magistrate judge concludes that the Court has jurisdiction over the parties and subject matter.

The Court concludes that the parents, Judith Craig and Marcus Craig, have made adequate provisions for protection of the proceeds of the settlement for their children's benefit. The Court

further concludes that the settlement is, indeed, fair and reasonable under the circumstances, and acceptance of the settlement is in the children's best interests.

The Court therefore recommends that the settlement be approved and that the claims against the United States be dismissed with prejudice.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge